# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CONDUENT STATE HEALTHCARE, )
LLC, f/k/a/ XEROX STATE )
HEALTHCARE, LLC, f/k/a ACS STATE )
HEALTHCARE, LLC, )
  )
     Plaintiff, ) C.A. No. N18C-12-074 MMJ CCLD
  )
     v. )
  )
AIG SPECIALTY INSURANCE )
COMPANY, f/k/a CHARTIS )
SPECIALTY INSURANCE COMPANY, )
*et. al.,* )
  )
     Defendants. )

Submitted: May 6, 2020
Decided: May 8, 2020

## O R D E R

Upon consideration of Defendants' Motion to Continue CMO Discovery Deadlines and Plaintiff's Cross-Motion to Compel Remote Depositions Under Rule 30(b)(7).

1. The following unopposed deadlines in the case Management Order are hereby revised as follows:

|  | **Current Deadlines** | **Revised Deadlines** |
|---|---|---|
| Written Discovery | April 29, 2020 | July 15, 2020 |
| Fact Discovery | May 29, 2020 | August 14, 2020 |
| Identify Expert Witnesses | August 3, 2020 | August 21, 2020 |
| Designate Rebuttal Experts | October 1, 2020 | October 19, 2020 |
| Deadline for Depositions of Expert Witnesses | November 2, 2020 | November 20, 2020 |
| Deadline for Dispositive Motions | December 7, 2020 | December 22, 2020 |

2. The Court has considered all of the parties' submissions on these motions. The Court finds that remote depositions are not ideal. Nevertheless, there are many applications and devices which make video depositions not only feasible, but not out of the ordinary in these extreme and unusual circumstances requiring physical distancing in light of CoVid-19. Additionally, the Court finds that taking depositions remotely in this case is not manifestly unfair and will not result in undue prejudice. Counsel and witnesses can confer and prepare for depositions by remote communication. It may be that prior to the amended discovery cutoff, in-person (or hybrid) depositions are possible. Counsel are encouraged to schedule the witnesses most appropriate for video depositions early in the process. Should the video deposition of any specific witness present particular issues, the Court will consider whether this ruling should be altered to accommodate exigent circumstances.

3. All Defendants who have not already done so are directed to provide the Plaintiff with potential depositions dates for their witnesses during the extended fact discovery period within 14 days of this Order. The Parties are to confer in good-faith on scheduling depositions within the extended fact discovery period.

4. Pursuant to Delaware Superior Court Rule 30(b)(7), depositions in this action may be conducted by videoconference or other remote electronic means. The Parties are ordered to make their witnesses available for remote depositions if in person depositions are not possible or feasible.

5. Pursuant to Superior Court Rule 30(b)(4), an officer or person appointed or designated under Superior Court Rule 28 may appear remotely at these depositions and administer oaths remotely with the same force and effect as if physically present with the deponent.

**THEREFORE,** Defendants' Motion to Continue CMO Discovery Deadlines is hereby GRANTED AS UNOPPOSED. Plaintiff's Cross-Motion to Compel Remote Depositions Under Rule 30(b)(7) is hereby GRANTED.

**IT IS SO ORDERED.**

*Mary M. Johnston*

The Honorable Mary M. Johnston